**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 17-1055**

---

RAINBOW SCHOOL, INC.,

> Plaintiff – Appellee,

v.

RAINBOW EARLY EDUCATION HOLDING LCC; REE SOUTHEAST, INC.,

> Defendants – Appellants.

---

**No. 17-1123**

---

RAINBOW SCHOOL, INC.,

> Plaintiff – Appellee,

v.

RAINBOW EARLY EDUCATION HOLDING LLC; REE SOUTHEAST, INC.,

> Defendants – Appellants.

---

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:14-cv-00482-BO)

---

Argued: January 25, 2018                        Decided: July 23, 2018

---

Before GREGORY, Chief Judge, and NIEMEYER and AGEE, Circuit Judges.

**ARGUED:** Carl Moeller Newman, CRANFILL, SUMNER & HARTZOG, LLP, Raleigh, North Carolina, for Appellants. Susan Freya Olive, OLIVE & OLIVE, PA, Durham, North Carolina, for Appellee. **ON BRIEF:** Pankaj K. Shere, Jaye E. Bingham-Hinch, David G. Williams, CRANFILL, SUMNER & HARTZOG, LLP, Raleigh, North Carolina, for Appellants. David L. McKenzie, OLIVE & OLIVE, PA, Durham, North Carolina, for Appellee.

—————————————

O R D E R

—————————————

AGEE, Circuit Judge:

Following oral argument, we issued a published opinion affirming in part and dismissing in part appeals taken by Rainbow Early Education Holding LLC and REE Southeast, Inc. (collectively "Early Education") in an ongoing dispute concerning its compliance with a consent judgment enjoining Early Education from certain activities related to its childcare facility in Fayetteville, North Carolina. *See generally Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610 (4th Cir. 2018). Rainbow School, Inc., ("Rainbow School") now moves for an award of attorney's fees in regard to the appeals.

The parties' settlement agreement allows Rainbow School to recover attorney's fees if a court determines that Early Education is "in violation of any of the requirements of the permanent injunction . . . and has failed to cure the violation within the time frames provided." J.A. 186; J.A. 186–87. In support of its motion, Rainbow School submitted an itemized statement of fees for work performed by two attorneys and three paralegals, a declaration from the attorneys who worked on the appeal, and a declaration from a third attorney who attested to the reasonableness of the requested rates and fee award for work of this nature.

After considering the submitted materials, we remand the motion to the district court for consideration in the first instance following its adjudication of Rainbow

3

School's third contempt motion. The district court is better suited to considering the evidence; conducting any additional, necessary evidentiary inquiries; and undertaking an initial review of an appropriate amount of fees for the appellate work in light of the litigation as a whole.

Furthermore, Rainbow School has not yet shown that it is entitled to fees for the appeal related to its third contempt motion, *Rainbow Sch. Inc. v. Rainbow Early Educ. Holding LLC*, No. 17-1123 (4th Cir. Jan. 27, 2017). Early Education appealed from an interlocutory order, and we dismissed that appeal for lack of jurisdiction. *See Rainbow Sch.*, 887 F.3d at 621–23. The district court has not yet determined whether to hold Early Education in contempt as part of Rainbow School's third motion, so Rainbow School has not yet demonstrated that it has satisfied the settlement agreement's prerequisite to obtaining a fee award related to the third contempt motion.[*]

While this Court has the authority to consider the appropriate fee award for appellate work performed in the appeal from the district court's final order of contempt with respect to Rainbow School's first and second motions, *Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC.*, No. 17-1055 (4th Cir. Jan. 13, 2017), we find the better course is to remand to the district court for its consideration of all the facts in the

---

[*] Rainbow School argues that even if it has not yet shown it is contractually entitled to a fee award for appellate work performed in Case No. 17-1123, the Court should nonetheless award fees as sanctions under Federal Rule of Appellate Procedure 38 because the appeal was "frivolous." We disagree that the appeal wholly lacked merit: Early Education made plausible arguments relating to the Court's discretionary authority to consider certain interlocutory orders, particularly given that the district court's order related to Rainbow School's third motion hinged on the validity of its final order relating to the School's first and second motions. That we did not agree with Early Education is not enough to demonstrate that its appeal was frivolous.

first instance, including determining whether Rainbow School is entitled to fees for the appeal in 17-1123. This is so because the appeals were briefed and argued together, resulting in some of the work being performed simultaneously for both appeals. Rainbow School's index of work performed reflects this fact, as does its updated index, in which many hours worked were simply split evenly between the appeals. Once it is known whether Rainbow School is also entitled to fees related to its third motion, the district court will be in a position to determine a reasonable award for the appellate work performed as part of one or both appeals. In so doing, it can consider the reasonableness of the number of hours requested and avoid duplication or overbilling. Otherwise, any award of fees may be incomplete or inconsistent.

Lastly, as part of its review the district court will also need to determine whether the rates Rainbow School seeks are reasonable. When seeking fees for work performed for the first and second motions in district court, Rainbow School sought rates equal to or higher than that upon which its motion relies, and the district court reduced those rates. The district court should consider whether Rainbow School's current documentation or other evidence supports its requested higher rate for the appellate work.

For the above reasons, we remand the motion to the district court.

*REMANDED*